IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM L.A. CHURCH, )
)
Petitioner, )
v. ) Civil Action No. 3:16CV845–HEH
)
DIRECTOR, VIRGINIA DEPT., )
CORRECTIONS, *et al.*, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Frivolous Action)

William L.A. Church, a Virginia inmate currently confined in Oklahoma, filed this this action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). The latter statute requires the Court to "dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous . . . ." 42 U.S.C. § 1997e(c)(1). Additionally, 28 U.S.C. § 1915A requires the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint" that "is frivolous . . . or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). The mandatory review under these statutes applies even if the plaintiff has paid the full filing fee. *See Johnson v. Hill*, 965 F. Supp. 1487, 1488 (E.D. Va. 1997).

## I. Standard of Review

The frivolous standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). This latter category encompasses "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted) (quoting *Neitzke*, 490 U.S. at 325, 328). Furthermore, when assessing frivolity, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 (11th Cir. 1990); *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).

As explained below, Church's claims are frivolous. It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Church's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

## II. Church's Past and Current Litigation

Church is serving consecutive sentences of twenty-five years and life for his convictions of sodomy and rape in the Circuit Court of Amelia County, Virginia. *See Church v. Okla. Corr'l Indus.*, No. CIV-10-1111-R, 2011 WL 4376222, at *1 (W.D. Okla. Aug. 15, 2011). Church has a long history of filing frivolous actions involving "false tales of service for various military and governmental agencies and conspiracies to detain him in prison." *Church v. U.S. Gov't*, No. 3:07CV129-HEH, 2008 WL 5704482, at *2 (E.D. Va. Jan. 29, 2008) (citing cases). As background, the basis of his many actions stem from a theory that "he is wrongly incarcerated as a result of a government conspiracy" wherein the government picked him up, trained him, and "replaced him with a 'body double' who he refers to as 'Big Church.'" *Id.* Church then "alleges that Big Church committed various crimes throughout the United States and these crimes were blamed on the real Church." *Id.*; *see also Church*, 2011 WL 4376222, at *3 (explaining that Church claims "he is being wrongfully incarcerated due to mistaken identity" and "he is not the William Church guilty of the Virginia convictions"). Church's current Particularized Complaint continues to raise his "incredible claims of byzantine conspiracy theories and government manipulations." *Church*, 2008 WL 5704482, at *2 (citing *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *McKee v. Fed. Bureau of Prisons*, No. 3:03-CV-01025-RLW, 2004 WL 3488635 at *1 (E.D. Va. May 25, 2004)). Church alleges, in part:

> FBI, CIA informants went bad! Rouged! They infiltrated hordes of clubs .... These informants committed crimes all over the South. They used my name and social security number ....

3

> . . . .
> From the aforesaid, 1982 the Russian informant under the name of William L. Church . . . married my girlfriend Carolyn Robbins in Chester - Chesterfield, VA who was pregnant with my son Travis. Church tried to kill her and tried to kill her family! Carolyn listed him as the father of Travis which he is not. He is listed from Tennessee. I am from Georgia! . . . .
>
> . . . .
> The William L Church informant, one of them, was convicted in Amelia County, Va. of rape - sodomy 1984. . . . The informant originally charged is not the same person who was tried. . . . Mug shots and descriptions prove this! Which is part of this action! . . . .
>
> . . . .
> 1993 VA DOC was initiating an interstate compact of their VA DOC William L. Church, VA DOC # 139047. Jan. 1994, the first VA DOC #139047 inmate arrived in Okla. DOC receiving where he set until Jan. 1995 where the 2nd VA DOC #139047 inmate arrived in Okla. DOC. Receiving whom was sent to Okla. OSP McAlester, OK where he set until I arrived. Jan. 1996 I was picked up on base at Ft. Bragg, NC and sent straight to OSP and issued DOC #939047. The aforesaid other two informants have not been seen since!

(Part. Compl. 3–5, ECF No. 8.)[1] Church continues to ramble on for pages about the difficulties these doppelgangers have caused him with his parole and his placement in the Oklahoma Department of Corrections. Any legal claims are inextricably intertwined with Church's fantastic complaints about body-doubles and informants. Accordingly, the action will be dismissed as frivolous.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 15 2017
Richmond, Virginia

---

[1] When possible, the Court corrects the capitalization, punctuation, and spelling in the quotations from Church's Particularized Complaint. The Court omits the emphasis from the quotations from the Particularized Complaint.

4